# CERTIFICATE to be filed with NOTICE OF APPEAL TO THE COURT OF APPEALS

APPELLATE NO. _____

(To be filled in by COA)

TRIAL COURT CAUSE NO. <u>241-1607-14</u>

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
3/19/2015 7:33:20 AM
CATHY S. LUSK
Clerk

**THE STATE OF TEXAS**                                    |    241ST Judicial District Court
(State or Appellant)                                           |
                                                                       |    of
**VS.**                                                            |
                                                                       |    Smith County, Texas
**GAYLAND DECLOYCE WILLIAMS**
(Appellee or State)

### The Records of My Office Reflect The Following information in This Case:

**Defendant was Convicted of :**   EVADING ARREST DET W/VEH

**Punishment Assessed:**          10 Years 00 /Texas Department of Criminal Justice

**Was This a Revocation of Probation:**          NO

**Defendant is:**     GAYLAND DECLOYCE WILLIAMS  is in JAIL

**If on Bond, Give Amount:**     NA                    **Date Bond Posted: NA**

**Sentence Imposed on:**          DISPDATE

**If NO Sentence, Order Appeal Form Signed:**          NA

**Written Notice of Appeals was Filed on:**     03/18/15

**Trial Held Before the Court:**     Guilty Plea-No Jury

**MOTION FOR New Trial Filed?:**          NO          Yes, Date Filed:

**\*\*\*\*IF MOTION FOR NEW TRIAL WAS FILED AFTER NOTICE OF APPEAL, \*\*\*\***
**PLEASE GIVE WRITTEN NOTICE TO THE COURT OF APPEALS IMMEDIATELY**

**Presiding Trial Court Judge:**          Jack Skeen Jr.

**Trial Court Reporter:**          Christy Humphries
          **Address:**          Smith County Courthouse
                                        241st  Judicial District Court
                                        100 N. Broadway
                                        Tyler, Texas 75702

**Was the Defendant Declared Indigent:**          UNKNOWN PRO SE

**Defendant's Counsel Is:  PRO SE**

**Defendant – Represented on Appeal by:**

GAYLAND DECLOYCE WILLIAMS     NONE
(Attorney's Name)               (          State Bar Number)

Address:     **206 E ELM**
             **TYLER, TX 75702**

Phone:       **903-597-4085**
Fax:         **NONE**

**State – Represented on  Appeal by:**     Michael West          21203300
                                           (Attorney's Name)     (State Bar Number)

Address:     **Smith County Courthouse – 4th Floor**
             **District Attorney's Office**
             **100 N. Broadway**
             **Tyler, TX 75702**

Phone:       **903-590-1724**
Fax:         **903-590-1719**

**Dated this 19th day of March, 2015.**

**Lois Rogers, Smith County District Clerk**

**By:** __/S/ LINDA RHYMES__
**Linda Rhymes, Deputy**

**Note:**     **ATTACH A COPY OF THIS NOTICE OF APPEAL TO THIS FORM.**
              **(One Copy of This Form goes to the Court of  Appeals, One copy goes**
              **To the DA, and One Copy goes to the Court Reporter.)**

**PLEASE BE SURE THAT ALL THE REQUESTED INFORMATION IS COMPLETE.**

**THANK YOU !**

**SEND TO:**     **12TH COURT OF APPEALS**
                 **1517 WEST FRONT STREET SUITE 354**
                 **TYLER, TEXAS 75702**

# SMITH COUNTY SHERIFF'S DEPARTMENT
## JAIL DIVISION
### INMATE REQUEST FORM

Name: *Gayland Williams*  SO#: *18465*  Cell: *3-A*  Date: *03-15-2015*

☐ Grievance   ☐ Classification   ☐ Commitments   ☑ Court Services

☑ Indigent   ☐ Other   *AFFIDAVIT*

Nature of Request: *IS TO RECEIVE ME (2) TWO COPIES of the Affidavit FORMS FOR INDIGENT. TO MY UNDERSTANDING I AM TO FILE this FORM before filing this NOTICE of Appeal. I HAVE BEEN AWAITTING A ANSWER FROM MRS. LAUTER, ON MY CERTIFIED MAIL REQUEST TO BE ANSWERED SO THAT I CAN SEE IF SHE CAN provide ME WITH THE NECESSARY FORMS to FILE MY NOTICE of Appeal..*

FILED
LOIS ROGERS
DISTRICT CLERK
2015 MAR 28 AM 11:28
SMITH COUNTY, TEXAS
BY _____ DEPUTY

*Gayland Williams*
Inmate Signature

Action taken on Request: _____

Officer's Signature                              Date

# CERTIFICATION OF DEFENDANT'S RIGHT TO APPEAL
## CAUSE NO. 241-1607-14

THE STATE OF TEXAS                    IN THE 241ST JUDICIAL

VS.                                   DISTRICT COURT OF

GAYLAND WILLIAMS                      SMITH COUNTY, TEXAS

DEFENDANT

## TRIAL COURTS CERTIFICATION OF DEFENDANTS Right of Appeal

I. Judge of the TRIAL COURT. CERTIFY THIS CRIMINAL CASE:

☐ IS NOT A PLEA-BARGAIN CASE, AND THE defendant has the Right of Appeal [OR]

☐ IS A PLEA-BARGAIN CASE, but MATTERS WERE RAISED by WRITTEN MOTION FILED AND RULED ON before TRIAL AND NOT WITHDRAWN OR WAIVED, AND THE defendant has THE RIGHT of Appeal. [OR]

☐ IS A PLEA-BARGAIN CASE, AND THE defendant has NO Right of Appeal. [OR]

☐ THE defendant has WAIVED THE Right of Appeal.


Judge                                 DATE SIGNED

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro-se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeal's judgement and opinion to my last known address and that I have only 30 days in which to file a pro-se petition for discretionary review in the Court of Criminal Appeals. Tex. R. App. P. 68.2....I acknowledge that, if I wish to appeal this case and if I am entitled to do so. It is my duty to inform my appellate attorney, by written communication of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines. If I fail to timely inform my appellate attorney of any change in my address. I may lose the opportunity to file a pro-se petition for discretionary review.

Gayland Williams / March 15, 2015

| | |
|---|---|
| Defendant | Defendant's Counsel |
| Mailing Address: | State Bar of Texas ID Number |
| 206 E. Elm St | Mailing Address: |
| Tyler, Texas 75702 | |
| Telephone Number: N/A | Telephone Number: |
| Fax Number (if any) N/A | |
| | Fax Number (if any) |

Notice OF Appeal Requesting Resentencing On Grounds Shown In: Challenging Conviction Enhancement And Sentence Plus Entrapment Agreed Punishment And Requesting Resentencing

See: Texas Sentencing: § 2.4 Appeal (A) Defendant's Right To Appeal: I do understand that I have some circumstances, to appealing my sentence. Not Knowing my Limiteds under my plea-Bargain guilty pursuant to a plea-agreement. I do pray and Hope that this case be one of the once that qualify's For Resentencing... Also See: § 2.4 Appeal (A) Defendant's Right To Appeal: After Sentencing: A Defendant has A Right To Appeal after being sentenced, Regardless whether the sentence is imposed "or" suspended. See: Tex. Code Crim. Pro. Art. 44.G.D.W 02 (Vernon).. This part is where I do pray and Hope that I qualify For Resentencing. Under: After Sentencing; Under: § 2.4 Appeal (A) Defendant's Right To Appeal; I the defendant originally pled guilty to the Conviction pursuant to a plea agreement Followed by the Judge, the Appeal requires the Judge's consent "or" must be Limited to Jurisdictional Matters "or" pretrial decided by the Judge. See: Tex. R. App. Pro. 25.2; Lyons Vs. State, 872 SW2d 732 (Tex. Crim. App. 1994)..

Looking At the Punishment Range of my Conviction Under (Chapter 38 Obstructing Governmental Operation) I was Punished For (Evading Arrest / Detention : using Vehicle (F3) 38.04 (B)(2)(A)... By the Grand Jury And Indicted For and Charge under : Evading with Vehicle ; Article : 38.04 ; control # 14 04827 A Third Degree Felony .. without having been Previously Convicted under Section ; Chapter 38 Obstructing Governmental Operation ... I Should have been Charged under : Chapter 38 Obstructing Governmental Operation (Evading Arrest / Detention : Vehicle (FB) 38.04 (B)(1)... My Sentencing should have been Punishment for A (State Jail Felony) under : Texas Sentencing ; See : Chapter 1 Punishment Ranges : § 1.1 Felony offenses § 1.1 (A) Specific Degrees : See: State Jail Felony = Acts 1993 73rd Leg., Ch 900, §§ 1.18 & 1.19 (A) ... Since I haven Been Previouly Convicted Under this Section : Chapter 38 Obstructing Governmental Operation : See : Evading Arrest / Detention Using Vehicle = Prev. Conv. (F3) 38.04 (B)(2)(A) ...

"REQUESTING RESENTENCING"

# Entrapment Agreed Punishment "And"

## Requesting Resentencing

Punishment Agreed was Entrapment when I signed my name onto the form. The Plea-Bargain Agreement Punishment was illegal after researching the illegal Conviction Conviction Enhancement Penalty Paragraph. Third Degree Felony Punishment is 2-10 years in prison with a fine of $10,000 maximum. I signed the form to receive the maximum punishment of 10 year / Texas Department of Criminal Justice - Institutional Division... I am asking the Appellate Court to grant a new trial based solely on error on the punishment Agreement - Plea-Bargain Stage. See: Tex. Code Crim. Pro. Art 44.29 (B)(Vernon); Ex.Parte Sewell, 742 SW2d 393, 397 (Tex. Crim. App. 1987) = Under: Texas Sentencing; Sentencing Procedure § 2.4 (C); (C) Punishment on Remand...

# Motion To Quash Enhancement Paragraph(s)

## Cause No. 241-1607-14

To The Honorable Judge of Said Court:

Comes Now Gayland Williams, In The Above styled numbered cause and presents this Motion To Quash the Enhancement Paragraph(s).

### I

The State has alleged that the Defendant has been previously convicted of certain offenses. Under Texas Penal Code) (Chapter 38 Obstructing Governmental Operation) (Penal Code Title: Penalty & Penalty Section) (Evading Arrest/Detention = Using Vehicle (FB) 38.04 (B) (1) Requiring Enhancement of the Punishment should the allegations be found True. The Defendant alleges that the prior convictions alleged by the State are fundamentally defective for the following reasons:

### [Specify Legal Grounds]

See: Attachment On Unnamed/Unseen Challenging Conviction Enhancement And Sentence/Exhibit (A) Front Back of Indictment (not) have copies!

UNNAMED/UNSEEN "Challenging Conviction Enhancement And Sentence"

See: Texas Sentencing; Under: Sentencing Procedure § 2.2(c); (B) Arraignment On Enhancements.. At the beginning of A punishment hearing. After the State reads the enhancement paragraph(s) contained in the Indictment "or "Information, the defendant must plead either "true" or not true to the allegations in front of the Judge "or "Jury. See: Tex. Code Crim. Pro. Art 36.01 (A) 1 (Vernon) Tindel Vs. State, 830 SW2d 135 (Tex. Crim. App. 1992); Wilson Vs. State, 671 SW2d 524 (Tex. Crim. App. 1984). If the defendant Fails to Enter a plea to the enhancement allegations, the punishment must be reversed. Turner Vs. State, 897 SW2d 786 (Tex. Crim. App. 1995)...

Also See: Texas Sentencing; Under; Sentencing Procedure § 2.1 (C); (C) Motion To Quash Enhancement(s); A defendant Also may challenging A prior conviction a void and therefore unavailable For consideration during punishment. See: Tatum Vs. State, 846 SW2d 324 (Tex. Crim. App. 1993) Limiting Challenge To Jurisdictional defect or denial Constitution Right...

UNNAMED/UNSEEN "Challenging Conviction Enhancement And Sentence"

"(Enhancement) Texas Sentencing = Under: State Jail Felony $6.6 enhancement: After December 31, 1995, The State may enhance a State Jail Felony to a Prison sentence using a broader range of Criminal Histories. What Broader Range of Criminal History Previously Conviction did the State District Attorney present to the Grand Jury to enhance My State Jail Felony to a 3rd Degree Felony. Under: Chapter 38 Obstructing Governmental Operation 38.04 (B)(2)(A) Petitioner (A) the actor uses a vehicle while the actor is in Flight and the actor has been previously convicted under this sections; or ... Under: Texas Sentencing: Forms § 12.2 (F); (F) State Jail Felony enhanced to Repeat Offender (Third Degree Felony) Petitioner Prior Convictions where all For Possession of Controlled Substance Under: Health And Safety Code = Subtitle (C) substance Abuse Regulation And Crimes =; Chapter 481 = Texas Controlled Substances Act Under: Subchapter (D) offenses And Penalties; 481.115 offense: Possession of substance in Penalty Group (1); 481.115.1 = Group (1)(A); and 481.116 = Group 2 ... Accordingly to Chapter 38 Obstructing Governmental Operation under: 38.04 (B)(2)(A) A Felony of the Third degree If: (A) the actor uses a vehicle while the actor is in Flight and the actor Has been previously convicted under this section: Evading Arrest/Detention using Vehicle - Prev. Conv. (F3) 38.04 (B)(2)(A)...

Texas Sentencing: Forms § 12.4 (E) ; (E) Definitions (1) Reasonable Doubt = Enhancements: Challenging Proof beyond A Reasonable Doubt!!! Why was'nt it used in the case cause No. 241-1607-14 when present to the Grand Jury. The State District Attorney should have inform the Grand Jury master and other Jurors of the circumstances under § 12.35 (E) of the Penal Code for the use of such a prior Felony Conviction. See: Texas Sentencing: Form § 12.4 (G); (6) State Jail Felony to 3rd degree = Plea of not True... The False Fake information file with the state used to gather a Enhancment unseen paragraph should have been Dissmessed by the Grand Jury before making the Indictment No. TRN: 9061161674 & Cause No. 241-1607-14...

[ PRAYER ]

THE DEFENDANT PRAYS THAT THIS COURT GRANT this MOTION TO Quash Enhancement PARAGRAPH (S) ON the Validity OF the EVIDENCE showed IN (Challenging CONVICTION Enhancement And SENTENCE) unnamed And the UNSEEN Enhancement PARAGRAPH (S) and, AFTER seeing the EVIDENCE, QUASH THE Enhancement PARAGRAPH (S)...

Respectfully Submitted,

GAYLAND Williams

Gayland Williams

CASE No. 241-1607-14     COUNT 1

INCIDENT NO. /TRN: 906161674

FILED
LOIS ROGERS
DISTRICT CLERK
2015 MAR 18 AM 11: 28
SMITH COUNTY, TEXAS
DEPUTY

THE STATE OF TEXAS        IN THE 241st DISTRICT Court

VS.        FEB 19, 2015

GAYLAND Decloyce Williams       SMITH County, TEXAS

STATE ID NO. 02648368

## Judgement of Conviction By Court - Waiver of Jury Trial

Judge Presiding: Hon. Jack Skeen Jr.     DATE Judgment Entered: 02-19-15

Attorney for State: Biggs, Kenneth     Attorney for Defendant:

                                       Roberson, Clifton

Offense For which Defendant Convicted: Evading With A Vehicle

Charging Instrument: Indictment     Statute for Offense: 38.04

Date of Offense: 3rd Degree Felony     Plea to Offense: Guilty

Findings on Deadly Weapon: N/A

REFLECTED IN Judgment

Plea to 1st Enhancement N/A     Plea to 2nd Enhancement / Habitual N/A

Paragraph:                        Paragraph:

Finding on 1st Enhancement N/A     Finding on 2nd

Paragraph:                        Enhancement / Habitual Paragraph: N/A

Plea on Jurisdictional N/A

Paragraph:

Finding on Jurisdictional N/A

Paragraph:

DATE SENTENCE IMPOSED: 2/19/15   DATE SENTENCE TO COMMENCE:
2/19/15

Punishment and Place
of Confinement: 10 year/Texas Department of Criminal Justice -
Institutional Division

THIS SENTENCE Shall Run Concurrently

FINE: $0.00   COURT COSTS: $304.00   RESTITUTION: RESTITUTION Payable to:
SEX Offender REGISTRATION REQUIREMENTS DO NOT APPLY to the DEFENDANT.
TIME CREDITED: DAYS - 129

FOREVER

USA

NORTH TEXAS TX 750 DC

DASMITH COUNTY 750
16 HANRATE MAIL

Mr. Gayland Williams
206 E. Elm St
Tyler, Texas 75702

Court Clerk Office
100 N. Broadway
Tyler, Texas 75702

75702723699

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL 2015 |
| VS. | § | DISTRICT COURT OF |
| GAYLAND WILLIAMS | § | SMITH COUNTY, TEXAS |
| | | CLERK 241st ... ... |

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

**I, JACK SKEEN, JR.**, certify this criminal case:

1. ____ is not a plea-bargain case, and the Defendant has the right of appeal. (or)
2. ____ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn and waived, and the Defendant has the right of appeal. (or)
3. ____ is a plea-bargain case, but the trial court has given permission to appeal, and the Defendant has the right of appeal. (or)
4. __✓__ is a plea-bargain case, and the Defendant has **NO** right of appeal. (or)
5. ____ the Defendant has waived the right of appeal.
6. ____ the Defendant waived appeal at the time he was sentenced to probation.

Honorable Jack Skeen, Jr.
Judge, 241st Judicial District Court
Smith County, Texas

**2-19-15**

_____
**Date Signed**

I, have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal cause, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeal's judgment and opinion to my last know address and that I have only 30 days in which to file a pro se petition for discretionary review in the court of appeals. TEX.R.APP.P 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

_____
**Defendant**

Mailing address:

_____

_____
Telephone No. _____
Fax No. (if any) _____

_____
**Defendant's Counsel**
State Bar of Texas ID # __1699602 20__
Mailing Address: __First Place__
_____ TX. 75702
Telephone No. _____ 597 8935
Fax No. (if any) _____ 531- 8935

A DEFENDANT IN A CRIMINAL CASE HAS THE RIGHT OF APPEAL UNDER THESE RULES. THE TRIAL COURT SHALL ENTER A CERTIFICATION OF THE DEFENDANT'S RIGHT TO APPEAL IN EVERY CASE IN WHICH IT ENTERS A JUDGMENT OF GUILT OR OTHER APPEALABLE ORDER. IN A PLEA-BARGAIN CASE THAT IS. A CASE IN WHICH A DEFENDANT'S PLEA WAS GUILTY OR NOLO CONTENDERE AND THE PUNISHMENT DID NOT EXCEED THE PUNISHMENT RECOMMENDED BY THE PROSECUTOR AND AGREED TO BY THE DEFENDANT A DEFENDANT MAY APPEAL ONLY: (A) THOSE MATTERS THAT WERE RAISED BY WRITTEN MOTION FILED AND RULED ON BEFORE TRIAL, OR AFTER GETTING THE TRIAL COURT'S PERMISSION TO APPEAL. TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

## CAUSE NUMBER: 241-1607-14

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| GAYLAND WILLIAMS | § | SMITH COUNTY, TEXAS |
| EVADING WITH VEHICLE | | |

**FILED** FEB 19 2015

LOIS ~~...~~ RECOMMENDED TO THE COURT, SMITH CO., TX
BY _____ DEPUTY

### AGREED PUNISHMENT RECOMMENDATION

As a result of negotiations between the parties, it is mutually ~~recommended to the~~ Court that:

1. (✓) Punishment be assessed at:

    __10__ years in the TDCJ-ID     *ws cc/w/ parole revocation*
    
    _____ in the Smith County Jail     *for PCS*
    
    _____ in a State Jail Facility
    
    $__∅__ Fine

2. ( ) PROBATION is recommended of the ( ) Term ( ) Fine
    ( ) Both for a period of _____ years.

3. (✓) A SPECIAL CONDITION of the recommended sentence being payment
    of RESTITUTION in the amount **to be determined by the PSI.**

4. ( ) Prosecution to Proceed only on COUNT_____

5. ( ) MOTION TO DISMISS will be filed in_____

6. ( ) Pursuant to PC Article 12.45, the Court can consider the following
    unadjudicated offenses: _____

7. ( ) DEFERRED ADJUDICATION OF GUILT is recommended pursuant to
    CCP Art. 42.12 (3d) for a period of _____ years.

8. ( ) OPEN PLEA_____

It is expressly provided and understood by the parties that this instrument constitutes only an offer when signed and dated by the State's attorneys. Completion of this instrument in the manner stated will constitute an acceptance of the offer and the State will be absolutely bound by the terms and conditions contained herein.

It is further expressly provided and understood by the parties that no court, or judge thereof, may be bound by this instrument or required in any manner to adhere to or to follow any agreements entered into by the State, the Defendant, or his attorney.

**ANY CHANGES, ADDITIONS OR ALTERATIONS TO THE ORIGINAL CONTENT OF THIS DOCUMENT MUST BE INITIALED AND DATED BY ALL PARTIES TO THE CHANGES, ADDITIONS, OR ALTERATIONS FOR THEM TO BE VALID.**

| | |
|---|---|
| _(signature)_ | _(signature)_ |
| ASSISTANT CRIMINAL DISTRICT ATTORNEY | DEFENDANT |
| 2/19/15 | 2/11/15 |
| DATED | DATED |
| | _(signature)_ |
| CHIEF PROSECUTOR | ATTORNEY FOR DEFENDANT |

**STATE'S EXHIBIT #1**

## CAUSE NUMBER: 241-1607-14

THE STATE OF TEXAS § IN THE 241ST JUDICIAL

VS. § DISTRICT COURT OF

GAYLAND WILLIAMS § SMITH COUNTY, TEXAS

### ACKNOWLEDGMENT OF ADMONISHMENTS

Comes now the defendant in the above styled and numbered cause, with his attorney of record, and would acknowledge to this Honorable Court that he has read, and understands, the admonishments enumerated below. In addition to having read and understood the admonishments, Defendant further acknowledges to this Honorable Court that he is fully aware of the consequences of the plea that he is entering in this cause. Specifically the Defendant acknowledges reading and understanding that:

1. The offense for which Defendant is charged is **EVADING WITH VEHICLE**, and the range of punishment for such offense is _3rd Degree 2-10 Yrs. Fine not to exceed $10,000.00_

2. The recommendation of the Prosecuting Attorney as to punishment is not binding on the Court. Should the Court reject any plea agreement existing between the State and the Defendant, the Defendant shall be permitted to withdraw the plea of guilty or nolo contendere;

3. If the punishment assessed does not exceed the punishment recommended by the Prosecutor and agreed to by the Defendant and his attorney, the Trial court must give its permission to the Defendant before he may prosecute an appeal or any matter in the case, except for those matters raised by written motions filed prior to trial;

4. If the Defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this Country, or the denial of naturalization under Federal Law.



5. If the Defendant is placed on deferred adjudication for a felony offense under article 42.12, section 5 of the Texas Code of Criminal Procedure and subsequently receives a discharge and dismissal under section 5(a), the Defendant may petition the Court for an order of non disclosure unless the Defendant is ineligible to pursue that right because of the nature of the offense for which the Defendant was placed on deferred adjudication of the Defendant's criminal history makes him/her ineligible. Such petition may not be filed sooner than the fifth anniversary of the discharge and dismissal. See Texas Government Code § 411.081.

Under the provisions of Article 26.13, V.A.C.C.P., Defendant hereby acknowledges that he has read and understands the aforementioned admonishments, and that the Defendant is aware of the consequences of his plea.

SIGNED on this, the 11ᵗʰ day of February , 2015.

_____        _____
DEFENDANT                                ATTORNEY FOR DEFENDANT



FILED

FEB 19 2015

CLERK 241st
BY _____ _____ CO. TX
_____ DEPUTY

## CAUSE NUMBER: 241-1607-14

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| GAYLAND WILLIAMS | § | SMITH COUNTY, TEXAS |

### WAIVER OF TRIAL BY JURY

Comes now the Defendant in writing and in open court, together with his attorney and shows this Court that I understand that I have a right to trial by jury whether I plead "guilty"or "not guilty", and that, understanding my right to trial by jury, I knowingly and intentionally waive my right to trial by jury and request a trial before the Court upon my plea of guilty.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

### APPROVAL BY THE STATE

Comes now the State, by and through her District Attorney, and consents and agrees to the Waiver of a Jury herein and to the trial of this cause before the Court.

_____
ATTORNEY FOR THE STATE

### APPROVAL BY THE COURT

It clearly appearing to the Court that the Defendant understands his right to trial by jury and that he intentionally and voluntarily waived that right in writing and in open court and it further appearing to the Court that the State has joined in the Waiver of trial by Jury, the Court approves the Waiver of Trial by Jury of the Defendant.

_____
JUDGE PRESIDING

FEB 19 2015

# CAUSE NUMBER: 241-1607-14

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| GAYLAND WILLIAMS | § | SMITH COUNTY, TEXAS |

## WAIVER OF CONFRONTATION AND AGREEMENT TO STIPULATE

Comes now the Defendant in writing and in open court, together with his attorney and shows this Court that I understand my right to remain silent and make no statement and that any statement made by me may be used in evidence against me at my trial. The Defendant would further show this Court that I understand my right to have all witnesses appear and testify in Court and my right to confront the witnesses and to cross-examine them. The Defendant would further show this Court that understanding these rights, I intentionally and voluntarily waive my right to remain silent and my right to the appearance, confrontation and cross-examination of the witnesses and agree to the oral and written stipulation of the testimony and evidence and to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence by the State.

_____
DEFENDANT

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on the ___ day of _____, 2015, to certify which witness my hand and seal of office.

DISTRICT CLERK OF SMITH COUNTY, TEXAS

By: _____
DEPUTY CLERK

I have explained to the Defendant his right to remain silent and his right to the appearance, confrontation and cross-examination of witnesses and I approve his waiver of those rights and his agreement to stipulate.

_____
ATTORNEY FOR DEFENDANT

## APPROVAL BY THE COURT

It clearly appearing to the Court that the Defendant understands his right to remain silent and his right to the appearance, confrontation and cross-examination of witnesses and that he voluntarily waives those rights and agrees to stipulate the testimony and evidence, the waiver and the agreement to stipulate is hereby approved.

_____
JUDGE PRESIDING

## CAUSE NUMBER: 241-1607-14

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| GAYLAND WILLIAMS | § | SMITH COUNTY, TEXAS |

### STIPULATION OF EVIDENCE

My name is **GAYLAND WILLIAMS**, and I am the Defendant in the above entitled and numbered cause appearing in person and with my attorney present. I hereby consent in writing and in open court to the stipulation of the evidence in this case and in so doing expressly waive the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of hearsay testimony by affidavit, written statements of witnesses and other documentary evidence, accordingly, having waived my Federal and State constitutional and statutory rights against self-incrimination, I agree to stipulate that the following facts are true and correct and constitute the evidence in this case; that in the County of Smith and State of Texas, on or about the 3rd day of October, 2014, and anterior to the presentment of this Indictment, in the County of Smith and State of Texas, GAYLAND WILLIAMS did then and there, while using a vehicle, intentionally flee from Robert Main, a person the defendant knew was a peace officer who was attempting lawfully to arrest or detain the defendant;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____      _____
DEFENDANT                               ATTORNEY FOR DEFENDANT

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on the __19__ day of __February__, 2015, by the above named Defendant in open court during the trial of the above numbered and entitled cause.

FEB 1 9 2015

LOIS ROGERS, Clerk of the
District Court, Smith County, Texas
By: _____
Deputy Clerk

_____
JUDGE PRESIDING

**STATE'S EXHIBIT #2**

## CAUSE NUMBER: 241-1607-14

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| GAYLAND WILLIAMS | § | SMITH COUNTY, TEXAS |

### AGREEMENT TO STIPULATE TESTIMONY

This day in open Court, the Defendant in the above entitled and numbered cause and his/her counsel and the State's attorney do hereby enter into an agreement that the Defendant waives the appearance, confrontation, and the cross-examination of witnesses in this cause and agrees that the testimony of said witnesses may be stipulated into the record by the State's attorney; such testimony being the same as the witnesses would give if they were present in Court and were testifying under oath, and the Defendant further consents to the introduction of testimony by affidavit, written statements of witnesses, and all other documentary evidence that may be introduced by the State.

_____
ATTORNEY FOR DEFENDANT

_____
DEFENDANT

Before the said Defendant enters his/her plea herein, each of the above requests of the Defendant herein and are hereby consented to and approved by me, the attorney representing the State herein.

_____
ASSISTANT DISTRICT ATTORNEY

The above and foregoing Waiver of Jury Trial and Agreement to Stipulate Testimony of the Defendant herein having been duly considered by the Court, and it appearing to the Court that the Defendant is herein charged with a felony, that the Defendant is represented by counsel, and that the attorney representing the state herein has given the consent and approval to same, the Defendant has waived the ten (10) day waiting period for trial, after appointment of counsel; therefore, consent and approval of the Court are hereby given to such procedure.

_____
JUDGE OF SAID COURT

FEB 19 2015

CLERK 241st
BY

# CAUSE NUMBER: 241-1607-14

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| GAYLAND WILLIAMS | § | SMITH COUNTY, TEXAS |

### WAIVER OF MOTION FOR NEW TRIAL AND MOTION IN ARREST OF JUDGMENT AND WAIVER OF RIGHT TO APPEAL

Comes now the Defendant in person and in open court with his/her attorney, and would show this Court the following:

1. That judgment of conviction has been rendered or deferred against him/her and that sentence has been imposed or has been suspended in this cause.

2. That the Defendant understands that s/he has thirty (30) days after the date the sentence was imposed or suspended in open court in which to file for a motion for new trial or motion in arrest of judgment;

3. That the Defendant does not intend to file a motion for new trial or motion for arrest of judgment in this case, and expressly waives the thirty (30) day period for filing the same;

4. That the Defendant understands that s/he has a right to appeal his/her conviction only in accordance with the Code of Criminal Procedure of Texas Rules of Appellate Procedure and that s/he has the right to be represented by counsel on appeal by an attorney of his/her own choice and that if s/he is too poor to pay for such attorney or for the record without expense to him/her; and

5. That s/he does not wish to appeal his/her conviction and expressly waives his/her right to appeal.

_____
ATTORNEY FOR DEFENDANT

_____
DEFENDANT

### O R D E R

On this day came for consideration the Defendant's motion to waive the time for filing a motion for new trial and motion in arrest of judgment and to waive his/her right to appeal, and having considered the same, the said motions are hereby GRANTED and said waivers are accepted.

SIGNED this the ____ day of _____, 2015.

_____
JUDGE PRESIDING

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| GAYLAND WILLIAMS | § | SMITH COUNTY, TEXAS |

## REQUEST FOR COURT TO ALLOW WAIVER OF PRE-SENTENCE INVESTIGATION AND REPORT

Comes now the Defendant in the above styled and numbered cause, joined herein by his attorney, and having entered his/her plea of GUILTY to the charge set forth herein and, pursuant to Article 42.12, Sec. 9 of the Texas Code of Criminal Procedure, moves the Court to allow this Defendant, GAYLAND WILLIAMS, to waive the making of any required Pre-Sentence Investigation and Report.

It is further moved and requested by the Defendant as follows:

1. The State and Defendant agree that there is sufficient information in the record to permit the meaningful exercise of sentencing discretion without the necessity of a pre-sentence investigation.

2. That this Court assess punishment to this Defendant pursuant to the agreed Plea Recommendation signed by this Defendant and by the attorney representing the State, and that said assessment of punishment and subsequent sentencing be made without a Pre-Sentence Investigation and Report prepared by the Adult Probation Officer of Smith County, Texas, or one of his assistants or by any person.

3. That this Honorable Court assess punishments and sentencing forthwith.

4. That this Honorable Court allow this Defendant to waive the making, investigation or preparation of any required Pre-Sentence Investigation and Report prior to assessment of punishment and sentencing in this cause.

_____
ATTORNEY FOR DEFENDANT

_____
DEFENDANT

## ORDER

The above and foregoing Request for Waiver of Pre-Sentence Investigation and Report having been duly considered by the Court and it appearing to the Court that the interests of justice will be served by approving and granting same, the approval of the Court is hereby given and such Defendant is hereby allowed to waive the making of such Pre-Sentence Investigation and Report.

SIGNED this ___19___ day of ___January___, 2015.

_____
JUDGE PRESIDING

## CAUSE NUMBER 241-1607-14

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| GAYLAND WILLIAMS | § | SMITH COUNTY, TEXAS |

### ADVICE OF DEFENDANT'S RIGHT TO APPEAL

The Court, pursuant to TEX. R. APP. P. 25.2 advised the Defendant as follows:

1. Texas law gives a defendant convicted of a crime the right to appeal his conviction.

2. If you pled guilty or no contest and accepted the punishment recommended by the prosecutor, however, you cannot appeal your conviction unless this Court gives you permission. If you waived or gave up your right to appeal, you cannot appeal your conviction.

3. If you did not plead guilty, you may have the right to appeal. If you want to appeal, you must give notice of appeal in writing to this Court's clerk within 30 days.

4. If an attorney represents you in the court of appeals, your attorney must mail a copy of the court of appeals' judgment and opinion to your last known address. You must tell your attorney, in writing, of any change of address.

5. If you are not satisfied with your appeal's result, you can ask the Court of Criminal Appeals to review your case by filing a petition for discretionary review within 30 days of the opinion's issuance in the court of appeals. If you fail to inform your attorney of any change of your address, you may lose the opportunity to seek discretionary review.

The Defendant declares the following to the Court (choose one):

1. ☑ I read and write English. I have read and I understand this document. _____ (Defendant initial here if true); or

2. ☑ I speak English. _____ (name of reader) read this document to me. I understand its contents. _____ (Defendant initial here if true); or

3. ☐ I do not speak English. _____ (name translator) translated this document for me. I understand its contents. _____ Defendant initial here if true.)

_____
Defendant's signature

Sworn to and subscribed before me on the 19 day of _____, 2015.

_____
Smith County Deputy District Clerk

_____
PRESIDING JUDGE
241ST District Court
Smith County, Texas